UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD B. SMITH, JR.,

        Petitioner,                        Case Number: 06-CV-10905

v.                                             HONORABLE VICTORIA A. ROBERTS

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Richard B. Smith, Jr., through his attorney, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, challenges his second-degree murder conviction and sentence. Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. Petitioner has filed a response to the Motion for Summary Judgment.

I.

Following a jury trial in Genesee County Circuit Court, Petitioner was convicted of second-degree murder. On March 20, 1992, he was sentenced to thirty to sixty years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. On June 20, 1995, the Michigan Court of Appeals issued an opinion affirming Petitioner's conviction and sentence. *People v. Smith*, No. 154584 (Mich. Ct. App. June 20, 1995).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on March 29, 1996.  *People v. Smith*, No. 103722 (Mich. March 29, 1996).

Petitioner, through counsel, filed the pending petition on February 28, 2006.

## II.

The respondent has filed a Motion for Summary Judgment on the ground that the petition for habeas corpus relief was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Petitioner's application for habeas corpus relief was filed after April 24, 1996.  Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application.  *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).  The limitations period runs from the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent argues that subsection (A) is the proper trigger for commencing the

2

limitations period in this case.  If subsection (A) is applied to this case, the one-year limitations period commenced when the time for filing a petition for a writ of certiorari to the United States Supreme Court expired.  *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000).  Petitioner's time for filing a petition for a writ of certiorari expired on June 27, 1996.  The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions.  *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000)  Thus, assuming that subsection (A) is the subsection under which the limitations period should be calculated, Petitioner's one-year limitations period commenced June 28, 1996, and continued uninterrupted until it expired on June 28, 1997.

Petitioner argues that, under § 2244(d)(1)(C), the limitations period commenced on March 1, 2005, when the Supreme Court issued its opinion in *Roper v. Simmons*, 543 U.S. 551 (2005).  In *Roper*, the Supreme Court held that execution of individuals who were under 18 years of age at the time of their capital crimes violates the Eighth Amendment's prohibition against cruel and unusual punishment.  Petitioner is not facing execution.  Therefore, even assuming *Roper* applies retroactively to cases on collateral review, it does not announce a constitutional right newly recognized by the Supreme Court which is relevant to Petitioner's case.

Therefore, the Court finds that the petition for a writ of habeas corpus was not timely filed.

III.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 14, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 14, 2007.

S/Carol A. Pinegar
Deputy Clerk